UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL HUTCHISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01285-JRS-MJD |
| ) | |
| MONTGOMERY COUNTY, INDIANA, ) | |
| MARK CASTEEL, ) | |
| RYAN NEEDHAM, ) | |
| LONNIE JONES, ) | |
| DANNY EDWARDS, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS
AND DIRECTING FURTHER PROCEEDINGS**

This action was removed from Montgomery Circuit Court by the defendants on April 30, 2020. Dkt. 1. This matter is before the Court on defendants' motion to dismiss, dkt. [11]. For the reasons discussed below, the defendants' motion to dismiss, dkt. [11], is **granted in part** and **denied in part**, and Mr. Hutchison is directed to file an amended complaint.

**I. Background**

Plaintiff Michael Hutchison, by counsel, brings suit against (1) Montgomery County, Indiana; (2) Mark Casteel, individually and as former Sheriff of Montgomery County; (3) Ryan Needham, in his official capacity as Sheriff of Montgomery County, Indiana; (4) Jail Commander Lonnie Jones; and (5) Deputy Danny Edwards. Dkt. 1-2. At all times relevant to his complaint, Mr. Hutchison was a pre-trial detainee at the Montgomery County Jail ("Jail"). *Id.* at ¶ 2.

Mr. Hutchison alleges that "on or about December 17, 2017," he "was suffering from seizure disorder, extreme hypertension, anxiety, and depression," all conditions that were made known to the Sheriff and his agents. *Id.* at ¶ 3. Mr. Hutchison alleges that his current prescriptions

were available to the Sheriff and the Jail for distribution but that none of his medications were administered to him while he was confined. *Id.* This failure, Mr. Hutchison contends, "resulted in dystonia, seizures, radiating pain, chest pain, tachycardia, nausea and vomiting, and blurred vision with persistent after effects." *Id.* at ¶ 4. Mr. Hutchison's disease and injuries were allowed "to continue and to progress to the point of life threat and the necessity for emergency evacuation" when he was taken to Crawfordsville Franciscan Emergency Department for necessary emergency treatment. *Id.* at ¶ 7.

Mr. Hutchison asserts that (1) defendants failed to render medical care to him as required by Indiana law; and (2) Mark Casteel, Lonnie Jones, and Danny Edwards were informed and made the decision to deny him medication "pursuant to the policy adopted to deny all medication to inmates and failed to provide competent care." *Id.* Mr. Hutchison contends that a Tort Claim Notice was timely served on the Sheriff, Montgomery County Attorney, and the Office of the Indiana Governor. *Id.* at ¶ 8.

Mr. Hutchison alleges the defendants violated his civil rights under 42 U.S.C. § 1983, the Indiana Constitution, and Ind. Code § 11-10-3-2 and that such denial of proper medical care was pursuant to a policy and custom of defendants which constituted deliberate indifference to his health.

Defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and argue that (1) the complaint should be dismissed due to the expiration of the two-year statute of limitations; (2) the plaintiff failed to plead the alleged constitutional violations were caused by Montgomery County policy pursuant to *Monell*; (3) state law claims are barred by Ind. Code § 34-13-3-5(b); and (4) there is no private right of action under the Indiana Constitution. Dkt. 11.

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the factual matter alleged in the complaint. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011); *see also Jackson v. Neylon*, No. 06-CV-6913, 2007 WL 1225371, at *2 (N.D. Ill. Apr. 24, 2007) ("The purpose of a motion to dismiss under . . . 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case."). For a Rule 12(b) motion to dismiss, a court "must accept all well-pleaded allegations in the plaintiff's complaint as true and draw all reasonable inferences in favor of the plaintiff." *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 521 (7th Cir. 2001). A plaintiff must do more than simply recite the elements of a claim and provide conclusory statements in support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must provide enough factual information to state a claim for relief that is plausible on its face and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Finally, a plaintiff facing a Rule 12(b)(6) motion may ordinarily re-plead any claims that are dismissed. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013), *reh'g denied* (Feb. 20, 2013). When, however, "it is clear that any amendment would be futile," such "[l]eave to amend need not be granted," and the claim may be dismissed with prejudice. *See id.*

"'While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if the allegations of the complaint itself set forth every[thing] necessary to satisfy' the limitations defense 'because the relevant dates are set forth unambiguously in the complaint.'" *Boyd v. Jacobs Project Mgmt. Co.*, No. 1:16-cv-02028-SEB-TAB, 2017 WL

3

4340325, at *2 (S.D. Ind. Sept. 29, 2017) (quoting *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)).

### III. Discussion

Suits under 42 U.S.C. § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34-11-2-4.[1] "While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action. For § 1983 purposes, a claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated. To determine when the claim accrues, a court must first identify the plaintiff's injury and then determine when the plaintiff could have sued for that injury." *Logan v. Wilkins*, 644 F.3d 577, 581-82 (7th Cir. 2011) (internal quotations and citation omitted).

**1. The Complaint: December 17, 2017**

Mr. Hutchison filed this suit on April 3, 2020, two years after he claims he was released from custody. Mr. Hutchison's complaint references only one date, December 17, 2017, on which the plaintiff was suffering from a number of conditions and was allegedly denied his prescription medications for those conditions. Dkt. 1-2 at ¶ 3. This alleged failure to administer these medications resulted in Mr. Hutchison experiencing a number of symptoms. *Id.* at ¶ 4. However, the plaintiff does not provide any further timeline or explanation of the length of any suffered injury. Mr. Hutchison states that the denial of his medication:

> allowed [his] disease and injuries to **continue and to progress to the point of life threat and the necessity for emergency evacuation by emergency agency for**

---

[1] Ind. Code § 34-11-2-4 in relevant part provides, "Sec. 4. (a) An action for: (1) injury to person of character; (2) injury to personal property; or (3) a forfeiture of penalty given by statute; must be commenced within two (2) years after the cause of action accrues."

4

>   **hospital treatment** and medical directives from physicians at Crawfordsville Franciscan Emergency Department **which were likewise ignored** and that said Sheriff established the policy that the medical staff should ignore a prisoner's treating physicians and medical history, and his or her medical status **upon imprisonment**, which policy resulted in injury and damage, which produced Plaintiff's injuries.

*Id.* at ¶ 7 (emphasis added). Mr. Hutchison further alleges that the defendants' failure to provide treatment for his "disease caused further injury including that his disease worsened and failed to heal properly" and that "failure to provide reasonable and proper medical care" aggravated his disease and that he continues to suffer." *Id.* at ¶¶ 14-15.

The defendants argue that Mr. Hutchison's "claims arise out of the alleged failure of the Defendants to provide [him with] medical care on December 17, 2017, specifically his prescribed medications" and had until December 17, 2019 to timely file his complaint. Dkt. 11 at 1; dkt. 12 at 4. The Court finds on its face, Mr. Hutchison's complaint is void of integral factual allegations from which the Court could infer that his filing is timely in its entirety. For example, he makes no reference to the approximate date that he was transported to the hospital and received emergency medical treatment. Nor does he state how long he remained in the hospital; when he returned to the Jail; if, when, or for how long medication was denied beyond the date of his hospital visit; or when he was ultimately released from custody.

It is clear to the Court from the complaint that Mr. Hutchison was aware of the deprivation of his prescribed medications on or about December 17, 2017. Not as clear from the complaint, but as discussed below, on March 1, 2018, Mr. Hutchison was aware of his emergency treatment at an outside facility.

### 2. The Tort Claim Notice: March 1, 2018

Mr. Hutchison alleges only that a Tort Claim Notice was timely served but he did not include the notice as an exhibit to his complaint or provide any additional details regarding the

5

date it was served or its contents. Dkt. 1-2 at ¶ 8. The defendants attached the Tort Claim Notice as an exhibit to their motion to dismiss. *See* 12-1. The plaintiff did not object to this exhibit. The Court considers this document as part of the pleadings. *See, e.g., Hirata Corp. v. J.B. Oxford & Co.*, 193 F.R.D. 589, 592 (S.D. Ind. 2000) ("[I]f a document is specifically referenced by the complaint and central to the plaintiff's claim, [the Court] may consider that document as part of the pleadings if it is attached to a defendants' motion attacking the sufficiency of the complaint.").

The Court learns from this document that on March 1, 2018, Mr. Hutchison suffered seizures at the Montgomery County Courthouse and was taken to the Jail nurse and Commander "when he blacked out twice and was taken to Crawfordsville Franciscan Emergency Room[.]" Dkt. 12-1 at 1-2. Mr. Hutchison asserts in this notice that he was prescribed medication to be taken after his return from the hospital to the Jail but that he was refused administration of this medication and that this failure caused the effects of a number of symptoms. *Id.* The Court again finds that Mr. Hutchison's notice does not build a timeline sufficient to infer that his complaint was timely. Even accepting the March 1, 2018, date as an additional date on which he was injured, the complaint filed on April 3, 2020, was not timely filed. The notice cannot extend the limitations period further because it does not allege when he was returned to the Jail or any deprivation of treatment or other facts beyond March 1, 2018, including the date he was released from Jail.

### 3. Barred Claims

With the examination of both the complaint and the Tort Claim Notice, the Court liberally construes Mr. Hutchison's allegations pertaining to his medical care to extend from December 17, 2017 (the onset date in the complaint) to March 1, 2018 (the visit to the emergency room as referenced in the Tort Claim Notice). At the last point in this time frame, Mr. Hutchison would have needed to timely file his complaint by March 1, 2020. He did not do so, and therefore these

claims are barred. Moreover, the continuing violation doctrine cannot save Mr. Hutchison's claims that the defendants failed to provide him medical care and treatment from December 17, 2017 to March 1, 2018.

The Seventh Circuit recently explained,

> The continuing violation doctrine … is aimed at ensuring that illegal conduct is punished by preventing a defendant from invoking the earliest manifestation of its wrongdoing as a means of running out the limitations clock on a course of misconduct that persisted over time; the doctrine serves that end by treating the defendant's misconduct as a continuing wrong and deeming an action timely so long as the last act evidencing a defendant's violation falls within the limitations period. … Thus, where the violation at issue can be characterized as a continuing wrong, the limitations period begins to run *not* when an action on the violation could first be brought, but when the course of illegal conduct is complete.

*United States v. Spectrum Brands*, 924 F.3d 337, 350 (7th Cir. 2019) (internal citations omitted). "A violation is continuing where it would be unreasonable to require or even permit [a prisoner] to sue separately over every incident of the defendant's unlawful conduct." *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). For a continuing harm, the statute of limitations begins to run on the last occurrence of the harm. *Id.*

On March 1, 2018, the plaintiff was taken to the hospital for emergency treatment. "When a plaintiff leaves an institution where he was incarcerated, medical providers at that institution no longer have the power to do something about an ongoing denial of medical care; and, a claim accrues against those providers when the incarcerated person leaves that facility." *Dixon v. Obaisi*, 2019 WL 3554195, at *3 (N.D. Ill. Aug. 1, 2019) (citing *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2011) (In *Dixon*, plaintiff was transferred to a different facility and claims accrued at the time he left the facility.)). "*Heard* is very clear on the question of when a prisoner's deliberate indifference to serious medical needs accrues: it accrues when he receives treatment or when he is released from the custody of those [who] have been refusing to do something about the condition."

7

*Smetzer v. Newton*, 2012 WL 6681702, at *11 (N.D. Ind. Dec. 21, 2012) (quoting *McClary v. Huston*, No. 11-1394, 2012 WL 5354709, at *3 (C.D. Ill. Oct. 29, 2012)). Mr. Hutchison was provided treatment on March 1, 2018, by an outside provider, thus, his claims up to that point against the defendants began to accrue. The filing of his complaint comes a month late in regards to these claims. Under the two-year statute of limitations, **the claims from December 17, 2017 to March 1, 2018 are barred, and, therefore, DISMISSED.**

## IV. Directing Further Proceedings

In Mr. Hutchison's response in opposition to the motion to dismiss, he contends that his complaint is timely because "from and after December 17, 2017, and until his release from their custody on April 3, 2018, they continuously denied Plaintiff his medication throughout his confinement up to and including the 3rd day of April, the date of his release." Dkt. 23 at 2. Mr. Hutchison's complaint makes it impossible to determine which claims against which defendants might proceed in this action beyond the barred claims already discussed, because neither the Court nor the defendants can determine what incidents allegedly occurred after March 1, 2018, the date that Mr. Hutchison was taken to the hospital for treatment. Nor, based on the allegations in the complaint, can the Court determine when or if the continuing violation doctrine applies.

Therefore, Mr. Hutchison is directed to file an amended complaint that must only include the factual allegations and claims against the defendants that occurred after March 1, 2018 (plaintiff's hospital visit) and up to April 3, 2018 (plaintiff's release date from custody). The plaintiff has **through November 6, 2020** in which to file an amended complaint that conforms to these requirements. The Court will screen the amended complaint when it is filed. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners, and non-prisoners alike, regardless of fee status.").

## V. Conclusion

For the foregoing reasons, the defendants' motion to dismiss, dkt. [11], is **granted in part. All claims from December 17, 2017 through March 1, 2018 are dismissed as untimely under the applicable two-year statute of limitations.**

Mr. Hutchison shall have **through November 6, 2020** to file an amended complaint concerning only those claims that arose between March 2, 2018 and April 3, 2018.

**IT IS SO ORDERED.**

Date: 10/19/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James E. Ayers
WERNLE RISTINE & AYERS
ayersj@wralaw.com

Darren Craig Chadd
TAYLOR, CHADD, MINNETTE, SCHNEIDER & CLUTTER, P.C.
dchadd@tcmsclaw.com

Matthew Scott Clark
KNIGHT HOPPE KURNIK & KNIGHT LTD (Rosemont)
mclark@khkklaw.com

Elizabeth Lewandowski
KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
elewandowski@khkklaw.com

Taylor Lee Rasey
KNIGHT, HOPPE, KURNIK & KNIGHT, LTD
trasey@khkklaw.com

Daniel Lyn Taylor
TAYLOR CHADD MINNETTE SCHEIDER & CLUTTER PC
dtaylor@tcmsclaw.com